UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATHAN DURAPAU | CIVIL ACTION |
| VERSUS | NO: 21-1157 |
| JUSTIN K. McLIN, ET AL | SECTION: "S" (3) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion to Stay Case** (Rec. Doc. 14) is **GRANTED**, and this matter is hereby **STAYED**.

### BACKGROUND

Plaintiff was arrested on June 16, 2020 at the conclusion of a protest against police brutality in Gretna, Louisiana. Plaintiff alleges that after the arrest, the arresting officers placed him in the back of a transport van out of public view, and took him and a friend who was arrested with him on a joyride with several other officers who were also in the back of the van. During the ride, plaintiff alleges that the officers violently attacked him, punching and slapping him in the face while his hands were cuffed behind his back. As a result, plaintiff alleges that he suffered physical injuries including a broken nose as well as emotional distress.

Following his arrest, plaintiff was charged with resisting a police officer with force or violence, in violation of La. R.S. 108.2; battery of a police officer, in violation of La. R.S. 14:34.2; and interfering with a law enforcement investigation, in violation of La. R.S. 14:329. The arrest register reflects that the charges are based in part on the plaintiff continuing his resistance after being secured into the transport van, including kicking a detective in the groin.

On June 15, 2021, plaintiff filed suit against the arresting officers, McClin and Wilkinson, and other unknown officers of the Jefferson Parish Sheriff's Office. Plaintiff alleges that the defendants violated his constitutional rights in violation of 42 U.S.C. § 1983 by the use of unreasonable, unnecessary, and excessive force, and, in the case of the bystander officers, in failing to prevent it. Plaintiff also alleges state law claims for battery, general negligence, intentional infliction of emotional distress, and assault.

Defendant has moved to stay this matter arguing that it is required by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff opposes the motion, arguing that the Heck doctrine is inapplicable in this case.

## DISCUSSION

*The Heck Doctrine*

> Under Heck v. Humphrey,
>
> a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts attendant to the charge for which he was convicted, unless he proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

Ballard v. Burton, 444 F.3d 391, 396 (5th Cir. 2006) (quoting Heck, 512 U.S. at 486–87). Thus, when a plaintiff "seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Thus, if a

plaintiff makes allegations in a civil suit brought pursuant § 1983 that are inconsistent with a criminal conviction, his civil suit is barred under Heck. Id.

In cases such as the one at bar, where the plaintiff's criminal charges remain pending, a determination of whether Heck bars a suit is premature, and the court "'may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir.1995); see also Wallace v. Kato, 549 U.S. 384, 399 (2007) (endorsing stay of civil proceedings until completion of criminal action where Heck may bar damages claims).

Nevertheless, if it is clear that no possible resolution of civil charges could impugn the criminal proceedings, a stay is not necessary, because there is no potential for Heck to bar the civil suit. See Heck, 512 U.S. at 487. For instance, if the factual basis for a plaintiff's excessive force claim is "temporally and conceptually distinct" from the facts underlying the crime charged, the claim would not be barred by Heck, and a stay would not be required. See Bush v. Strain, 513 F.3d 492, 498 (5th Cir. 2008). Likewise, "[a] claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." Id.

Determination whether such claims are barred (in the case of a conviction) or subject to stay (in the case of unresolved charges) is "analytical and fact-intensive", requiring courts to "focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal

conviction" or charge. See id.

*Analysis*

The question before the court is whether success on plaintiff's excessive force claim "would require negation of an element of the criminal offense [charged] or proof of a fact that is inherently inconsistent with a conviction on . . . the underlying criminal charge." Quinn v. Guerrero, 2010 WL 412901, at *2 (E.D. Tex. Jan. 28, 2010) (citing Bush, 513 F.3d at 497).

Plaintiff alleges that the officers used excessive force after he was placed under arrest and handcuffed, and was not resisting. He emphasizes that he has not challenged the lawfulness of the arrest itself. Therefore, plaintiff argues that the excessive force he complains of is separate and distinct from any charges for resisting arrest, and a judgment in his favor in his § 1983 case would not imply the invalidity of any subsequent conviction for conduct that occurred before or during the arrest.

However, in this case plaintiff is charged with resisting a police officer with force or violence, which may occur "after the arrested party is actually placed under arrest and before is incarcerated in jail," La. R.S. 14:108.2(A)(2), and with battery on a police officer, for events that occurred following the arrest. According to the arrest report, plaintiff's battery of the officer continued after he was arrested and restrained in the van, and the battery of an officer also occurred after he was arrested, handcuffed, and placed in the transport van. A finding in the criminal case that the force used by police subduing the post-arrest resistance or battery was not unreasonable is inconsistent with a finding in the civil case that excessive force was used. See Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996). Accordingly, plaintiff's claim is potentially

barred by <u>Heck</u>, and a stay is appropriate pending resolution of the criminal charges. Therefore,

**IT IS HEREBY ORDERED** that defendants' **Motion to Stay Case** (Rec. Doc. 14) is **GRANTED**, and this matter is hereby **STAYED**.

New Orleans, Louisiana, this 23rd day of November, 2021.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE